## RUBY BRITAIN V. THE STATE.

No. 17406. Delivered June 5, 1935.
Motion for Rehearing Withdrawn October 16, 1935.

The opinion states the case.

*Bert King,* of Wichita Falls, *S. A. L. Morgan,* of Amarillo, and *Jo A. P. Dickson,* of Seymour, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and her punishment was assessed at confinement in the State penitentiary for a term of 12 years.

The testimony adduced by the State shows that on the night of August 15, 1934, the appellant shot and killed Horace Nichols while he and a young lady were sitting in his car parked on the side of a dirt road about five miles from the town of Seymour in Baylor County. The dirt road was a lateral of the Wichita highway. The motive advanced by the State for the killing was jealousy. The appellant's testimony shows that the deceased had been pressing his attentions upon her for some time when thrown into each others company at dances and other parties; that he pretended to be deeply in love with her and manifested his affections for her in many ways and thereby gained her confidence and affections, which finally resulted in intimate relations. The deceased, who was a married man and the father of two children, often told her that his home life was unpleasant; that he was not happy but could be happy with her and that if she consented to marry him he would procure a divorce; that a short time prior to the homicide she learned of his clandestine meetings with other young girls; that she asked him to quit his conduct, at which time he denied having any intimate relations with any other young ladies; that thereafter she learned that he had not changed his conduct and manner of living and again remonstrated with him but he again denied the accusation. She then told him that if he persisted in his conduct with other young girls she would tell his wife of his unfaithfulness to her and warn the young girls of the pitfalls to which he was leading them. The deceased then threatened to kill her if she exposed him; that on the fatal night she suspected that he was out with some young lady and decided to find them and warn her against his blandishments, insincerity, and duplicity; that with said object in view she sought them and

found them at the place where the homicide occurred; that when she observed his car parked at the side of the road she drove her car as close as she could to his car and stopped; that when she did so he raised up, reached for the pocket in the door of his car, where he was in the habit of carrying a pistol, and when he came up with his arm she believed that he had secured the pistol and that he would carry his previous threats against her into execution, whereupon she shot in self-defense.

Bill of exception No. 1 reflects the following occurrence: The State's main witness, Willie Mae Couch, on cross examination was asked by the appellant's attorney if she had not made statements to Mrs. Butler and to Pat O'Riley on the night of the homicide to the effect that Mrs. Nichols, wife of deceased, had killed him, which she denied. She was then asked if she did not on that night or the next morning make a written statement to the district attorney, which she admitted. She was then asked if she did not in said written statement say that she had never been out with the deceased, which she denied. Thereupon counsel for appellant asked the district attorney to produce the written statement so that they might inspect it, which he declined to do. On redirect examination, the district attorney elicited from her the fact that she had at all times made the same statement to him as testified to by her, to which appellant objected because it was an attempt to bolster up the State's witness. This court has consistently held by an unbroken line of authorities that where the State's witness is sought to be impeached by showing that he has made statements with reference to the transaction out of court different from and contradictory to his testimony given at the trial, it is permissible for the State to show by the witness or others that shortly after the transaction he made statements similar to his testimony given at the trial. See McCue v. State, 75 Texas Crim. Rep., 137, 170 S. W., 280; Sentell v. State, 34 Texas Crim. Rep., 260, and many other authorities might be cited. If the appellant had objected to the supporting testimony on the ground that it was secondary and not the best evidence, a position which she is now taking before this court, no doubt the trial court would have sustained her objection and the State would have been forced to produce the written statement of the witness if it desired to support her testimony by her former statement.

Bill of exception No. 2 reflects the following occurrence: The district attorney in his opening argument to the jury said

that he had spent some six weeks on the case and had under-taken to produce and present all the facts fairly; that when Mr. Morgan, one of appellant's attorneys, in his argument to the jury undertook to discuss the unfairness of the district attorney in withholding from the appellant the written state-ment made by the witness Willie Mae Couch to him on the night of the alleged homicide or the next morning, the district attorney objected to said argument and the court sustained the objection. The court qualified said bill of exception and in his qualification states that when the district attorney made the argument attributed to him in the bill of exception appel-lant objected, which objection was sustained by the court, and the district attorney was admonished to keep within the record; that when Mr. Morgan in his opening address to the jury undertook to discuss the unfairness of the district attorney in declining to produce the written statement of Miss Couch the district attorney objected and the objection was sustained; that Mr. King, one of appellant's attorneys, in his closing argument to the jury fully discussed the district attorney's refusal to produce the written statement of Miss Couch and his unfairness to the appellant in declining to do so, to which no objection was made. It occurs to us that if Mr. King, one of appellant's attorneys, fully discussed the district attorney's conduct in the presentation of the State's case that no error was committed by the court in declining to permit another one of appellant's attorneys to discuss the same matter. We are unable to see how the appellant was injured by the ruling of the court under the circumstances as disclosed by the trial court's qualification. We therefore overrule the appellant's contention.

By bill of exception No. 3 appellant complains of the action of the trial court in withdrawing from the consideration of the jury the testimony of Dr. Foy to the effect that some time more than a year prior to the time of the alleged homicide he treated the deceased for a venereal disease. The court qualified said bill of exception and in his qualification certifies that while the testimony was offered before the jury without any objec-tion, yet after both sides had rested he instructed the jury at the request of the district attorney not to consider the same, because said fact was not material and not relevant to any issue in the case. If the excluded testimony was material or relevant to any issue in the case or to any fact relevant to any issue in the case, then it was error on the part of the court to withdraw it from the jury. If, however, it was not

material and relevant, then no harm could result by a withdrawal of the same from the jury. What were the issues in the case? The State contended that the appellant became angry, produced by jealousy, because the deceased had transferred his affections to a younger woman; that she hunted him with the intent to kill him and did so with malice aforethought. The appellant's contention was that she looked for him and the young girl to warn her of his insincerity and hypocrisy and that he would lead her down an unenviable path to shame and disgrace and then leave her to suffer the bitter sting of humiliation as he had done to appellant; that when she found them and drove up alongside of his car he reached to the pocket of the door to his car where she knew he carried a pistol and when he came up with his arm she believed that he had secured the pistol, and she shot him in self-defense. Any fact or circumstance which tended to prove her innocent purpose in looking for the deceased would be admissible and any fact or circumstance which tended to prove or sustain her plea of self-defence would be admissible as well as any fact relevant to any fact in issue, but how the fact that the deceased had a venereal disease would tend to prove or sustain any defensive issue or any relevant fact to any fact in issue is inconceivable. It might be a circumstance to prove that his home life was not pleasant but if such was admitted it would not be any excuse or justification for the homicide nor could it be legally offered as an extenuating or mitigating circumstance which might reduce the offense to murder without malice. The definition of the term "relevant" as defined by Texas Jurisprudence and quoted by the appellant in her brief seems to be eminently correct but it occurs to us that it has no application to the question under consideration.

We have read the record carefully and thoroughly considered the errors assigned by appellant and are constrained to hold that no reversible error has been pointed out or perceived by us.

Therefore, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Since the affirmance of the case and the filing of the motion for rehearing, the appellant filed in this court on September 30, 1935, a written motion, verified by affidavit, requesting the withdrawal of her motion for rehearing.

The request is granted and the motion for rehearing is withdrawn.

*Rehearing Withdrawn.*